### UNITED STATES v. BANKS.
#### No. C-3532.

District Court, E. D. New York.

Sept. 26, 1938.

Joseph A. Solovei, of Brooklyn, N. Y., for the motion.

Michael F. Walsh, U. S. Atty., and James G. Scileppi, Asst. U. S. Atty., both of Brooklyn, N. Y., opposed.

CAMPBELL, District Judge.

This is a motion to suppress evidence on the ground of illegal search and seizure.

The Government opposes on the ground that the defendant consented to the entry of the agents into the premises and there was evidence of a crime being committed in the presence of the officers.

Narcotic Agents White and Teets proceeded to 750 Driggs Avenue, Brooklyn, New York, to investigate a situation as a result of confidential information theretofore received. They had no search warrant and they did not have probable cause to believe that the defendant had committed a crime nor that a crime was being committed in those premises.

The agents went to the apartment No. 17, occupied by one Pauline Furstenberg, and knocked on the door. The defendant responded to the summons, and after inquiring who was there, he was informed that they were federal agents and were desirous of asking questions with respect to the violation of the Federal Narcotic Laws, 26 U.S.C.A. § 1040 et seq.

As was to be expected, the defendant opened the door on the demand of officers, whom he believed to be armed. This did not constitute a consent to search.

The defendant permitted himself to be interviewed by the agents, and after a short discussion, the agents called the defendant's attention to numerous scars and punctures on the arms of the defendant, and asked him if he was a drug addict, in response he admitted that he was. The agents asked him if he was then in possession of any narcotic drugs, to which defendant replied that he was, and produced a quantity of heroin, and a needle, the necessary paraphernalia for his use.

The agents then arrested the defendant, and searched the apartment and found a quantity of heroin.

There is a sharp conflict in the affidavits, as defendant swears that he repeatedly objected, and asked the agents if they had a

974

search warrant, to which they replied that none was necessary, and that they made their search before any arrest was made, but taking as true the story told by the agents, it seems clear to me, that the search and seizure was illegal.

Of course consent can be given by a defendant which makes legal a search, without a search warrant, but, in this case, no free consent was given, nor did the agents have probable cause to believe that a crime was being committed, before they entered the premises.

The agents armed, as the defendant had a right to believe them to be, and intent as they were to search without a search warrant, were not to be resisted by the defendant, and this is especially so, when you consider that by their admittance on demand by virtue of their office, they found the defendant almost entirely disrobed, and discovered the marks of an addict on his arms, and the defendant, being an addict and under duress of fear, gave them his heroin and needle.

These being the facts, it is clear that the defendant did not give that free and unequivocal consent which the law requires, and the agents, before entering, did not have probable cause, nor a search warrant.

What the agents found does not justify the illegal search and seizure.

The premises in question, the apartment, was the residence of the defendant, and the search and seizure was in violation of the rights of the defendant, under the Fourth and Fifth Amendments to the Federal Constitution, U.S.C.A.Const. Amends. 4, 5.

The motion to suppress is granted.